Filed 3/30/16  P. v. Aparicio CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ARTURO ORTEGA APARICIO,<br><br>    Defendant and Appellant. | G052387<br><br>(Super. Ct. No. 14NF1885)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Michael J. Cassidy, Judge.  Affirmed.

Arielle Bases, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*          \*          \*

A jury convicted defendant Arturo Ortega Aparicio of assault with a deadly weapon (Pen. Code, § 245, subd. (a), all further references are to this code). The court placed defendant on probation on various conditions, including 90 days in jail, and ordered defendant to stay away from the victim and his family.

We appointed counsel to represent defendant on appeal. Counsel filed a brief summarizing the proceedings and facts of the case and advised the court she found no arguable issues to assert on defendant's behalf. (*Anders v. California* (1967) 386 U.S. 738; *People v. Wende* (1979) 25 Cal.3d 436.)

To assist us in our independent review of the record, counsel suggested we consider the issues discussed below. Defendant filed a supplemental brief on his own behalf, which we will also discuss below.

**FACTS**

We recite the facts in the light most favorable to the judgment, drawing all reasonable inferences in support thereof. (*People v. Rodriguez* (1999) 20 Cal.4th 1, 11; *People v. Villasenor* (2015) 242 Cal.App.4th 42, 47-48.) Defendant and the victim, Omar Castillo, live in adjacent apartment complexes. Their garages face one another and are separated by an alley.

One day Castillo was walking towards his garage with his wife, 12-year-old son, and baby. Defendant was outside his garage with a friend. Defendant was sharpening a long knife and defendant and his friend were looking at Castillo in a threatening way ("mad-dogging"). Castillo walked towards defendant to ask if there was a problem.

Defendant cursed Castillo and started swinging a hammer at him. Castillo backed away, but defendant pressed forward. Defendant swung the hammer at Castillo four or five times and hit him once. Castillo then punched defendant in the right eye. Defendant became upset and threw the hammer at Castillo. Castillo dodged the hammer.

2

Defendant next began trying to stab Castillo with a switch blade knife. Defendant chased Castillo who backed away from him and into a parked car. Castillo fell on the trunk of the car and then onto the floor. At some point defendant stabbed Castillo in the leg with the knife and inflicted a two inch laceration. Defendant continued trying to stab Castillo until another neighbor pulled defendant off Castillo.

Castillo's 20-year-old daughter was in her bedroom when her little brother banged on her window and told her to call 911 because her father was being attacked. She ran outside and called the police. Castillo's wife said defendant still scared her and she was afraid to testify because she was scared he will hurt them. At the time of trial defendant was still giving her scary looks.

Defendant testified to a different version of the assault in which he was the victim, not the aggressor. Other neighbors testified they too had conflicts with Castillo.

## DISCUSSION

We have independently reviewed the entire record according to our obligations under *Anders v. California*, *supra*, 386 U.S. 738 and *People v. Wende*, *supra*, 25 Cal.3d 436, but found no arguable issues on appeal.

(1) Counsel suggests we consider whether the prosecutor committed misconduct in questioning Castillo. Over defense objections (argumentative, asked and answered), the prosecutor elicited testimony from Castillo that he was "different" from his neighbors in the sense that he was a "proud American," and he waives an American flag at home. We perceive no prosecutorial misconduct in these questions.

(2) Counsel suggests we consider whether the court erred in allowing Castillo to testify to his level of Americanism as reflected in the testimony cited in the preceding paragraph. She suggests this evidence was irrelevant, or at least should have been excluded under Evidence Code section 352 (section 352). But no objections on those specific grounds were stated in the trial court, so even if they had merit they could not be a basis for reversal. (Evid. Code, § 353, subd. (a).)

3

(3) Counsel suggests we consider whether defendant's statements to the responding police officers that the knife was in his garage were inadmissible because they were obtained in violation of *Miranda v. Arizona* (1966) 384 U.S. 436. But again no such objection was stated in the trial court, so even if it had merit it could not be a basis for reversal. (Evid. Code, § 353, subd. (a); *People v. Crittenden* (1994) 9 Cal.4th 83, 116 [*Miranda* based claims are governed by this rule].) And, in any event, the record provided to us does not reveal whether defendant made these statements during a custodial interrogation. (*Miranda v. Arizona*, *supra*, 384 U.S. at p. 444.)

(4) Counsel suggests we consider whether the court erred by overruling defendant's hearsay objection and allowing Castillo's daughter to testify that her brother banged on her window and told her to call 911 because their father was being attacked. She suggests this was inadmissible testimonial hearsay. (*Crawford v. Washington* (2004) 541 U.S. 36.) Once more no objection on these specific grounds was stated in the trial court, so it could not be a basis for reversal. Further, this testimony was relevant for the nonhearsay purpose of explaining what she did next (i.e. call 911 and run outside to witness the ongoing assault) so it was admissible under *Crawford*. (*Id*. at p. 60, fn. 9.)

(5) Counsel suggests we consider whether the court erred by allowing Castillo's wife to testify she still feared defendant. He suggests this evidence should have been excluded under section 352. We conclude the trial court did not abuse its broad discretion to admit this evidence. (*People v. Holford* (2012) 203 Cal.App.4th 155, 167 [Trial court's exercise of discretion under section 352 will not be disturbed on appeal except on a showing the trial court exercised its discretion in an arbitrary, capricious, or patently absurd manner that resulted in a manifest miscarriage of justice].)

(6) Counsel suggests we consider whether the court erred by giving, without objection, CALCRIM No. 371 – "Consciousness of Guilt: Suppression and Fabrication of Evidence." This instruction was properly given based on the evidence that defendant told the police officers the knife was in his garage but it was never found.

(7)  Counsel suggests we consider whether the court erred by giving, over defendant's objection, CALCRIM No. 3472 – "Right to Self-Defense:  May Not Be Contrived."  This instruction was properly given based on Castillo's testimony that defendant and his friend were looking at Castillo in a threatening way before assault.

(8)  Counsel suggests we consider whether the court imposed invalid probation terms because, "Courts have consistently emphasized the importance of narrowing any no-contact orders."  (See *People v. Ponce* (2009) 173 Cal.App.4th 378, 385.)  The court here orally ordered defendant "not to initiate any contact with Omar Castillo or his family or his wife or kids."  The court apparently also signed a written protective order which required defendant to stay at least 25 feet from Castillo, but that order was not included in the record provided to us.  These no contact orders do not appear to be impermissibly overbroad.

(9)  Defendant's supplemental brief essentially reargues the facts and reiterates his contention that he was the victim not the aggressor.  The jury considered and rejected these arguments and it is not our role to reweigh the evidence.

### DISPOSITION

The judgment is affirmed.


THOMPSON, J.

WE CONCUR:


ARONSON, ACTING P. J.


IKOLA, J.

5